UNITED STATES DISTRICT COURT
District of Minnesota

Jamar Pierre Mullins
        Plaintiff,

v.

Minnesota Department of Corrections,
MCF-Stillwater, D.O.C Commissioner Paul
Schnell, Deputy Commissioner Safia Khan,
Deputy Commissioner Chystal Brakke, Assistant
Commissioner Kelly Mitchell, MCF-Stillwater
Warden William Bolin, Assistant Warden Dan
Moe, C.O Doel Santiago-Sanabria, C.O Donald
Johnson, C.O Gerardo Perales, C.O Andrew
Meyers, L.t Joel Harrington, C.O Michael Brown,
k9 Kory Clausen, Sgt. Elizabeth Schneider, C.O
Justin Wood, C.O Daniel Gorman, Sgt. Jacob
Winberg, Justin D. Meyer, RN (nurse) Shanda
Detsch (Any Additional Defendants)
        Defendant(s).

Court File No. 25-cv-3940-PJS/JFD

RECEIVED BY MAIL
OCT 1 4 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff (Jamar Pierre Mullins), Pro Se Litigant, hereby brings this Action against The Defendant(s) named above and alleges as follows:

## Introduction

1. This is a Pro-Se Civil Rights Action under 42 U.S.C § 1983 and related tort claims arising From an April 10, 2024 incident at MCF- Stillwater in Which Plaintiff, (Jamar Pierre Mullins), was twice assaulted while in custody, resulting in serious physical injuries including a concussion, chronic left orbit medial wall fracture, dental injury to left top front tooth. Chronic dizziness, and visible injuries, the Defendant's failed to protect Plaintiff (Jamar Mullins), and acted with Reckless

Mullins

SCANNED
OCT 1 4 2025
U.S. DISTRICT COURT MPLS

Disregard for his safety, and didn't give the proper medical care for his "very serious medical needs" for several days, violating his Eight and Fourteenth Amendments Rights.

## Parties

1. Plaintiff: Jamar Pierre Mullins (OID: 244210) was an individual incarcerated at the Minnesota Correctional Facility (MCF- Stillwater).

2. Defendant: Minnesota Department of Correction (MNDOC) is the state Agency responsible for the Administration of Correction in Minnesota and is responsible for the operations and management of correctional facilities within Minnesota and receives Federal funding.

3. Defendant: MCF-Stillwater is a Correctional Facility operated by Minnesota Department of Correction.

   The following defendants in their official and individual capacities:

4. D.O.C Commissioner Paul Schnell, Deputy Commissioner Chystal Brakke, Deputy Commissioner Safia Khan, Assistant Commissioner Kelly Mitchell, MCF- Stillwater Warden William Bolin, Associate Warden Dan Moe, C.O Doel Santiago-Sanabria, C.O Donald Johnson, C.O Gerardo Perales, C.O Andrew Meyers, Lt. Joel Harrington, C.O Michael Brown, K9 Kory Clausen, Stg. Elizabeth Schneider, Sgt. Justin Woods, C.O Daniel Gorman, Sgt. Jacob Winberg, Justin D. Meyer, are all DOC Employees and/or representative at the MCF-Stillwater acting under the color of law.

5. Defendant: RN (Nurse) Shanda Detsch is a medical provider employed by the MNDOC at (MCF-Stillwater) who knew the seriousness of the plaintiff's medical conditions and/or falsified reports regarding Plaintiff (Jamar Mullins) "very serious medical needs".

## Jurisdiction

Mullins

The Court has Subject-Matter Jurisdiction under 28 U.S.C. § 1331 and 1343 because

Plaintiff (Jamar Mullins) constitutional rights under the Eight and Fourteenth Amendment

brings this Claim into the Federal question Jurisdiction for this 42 U.S.C. § 1983 Claim

<u>Venue</u>

Venue is Proper in the District of Minnesota, pursuant to 28 U.S.C § 1391 because the act

and omissions giving the rise to this action occurred within the District of Minnesota.

Specifically, at The MNDOC FACILITY (MCF-STILLWATER.)

<u>FACTUAL ALLEGATION</u>

1.  On April 10, 2024 around 6:00 pm, Plaintiff (Jamar Mullins) was walking on A-East back flag

    when an inmate runs up to Plaintiff (Jamar Mullins) and throws punches to his face. Plaintiff

    (Jamar Mullins) was knocked out and falls to the floor on flag.

2.  Staff responded to the situation and found Plaintiff (Jamar Mullins) laying on the ground

    unconscious and not moving, while C.O Andrew Meyers was the initial responding officer

    for the Plaintiff (Jamar Mullins), C.O Doel Santiago-Sanabria and C.O Donald Johnson arrived

    on the scene and applied (mechanical wrist restraints) on Plaintiff (Jamar Mullins) and

    proceeded to escort Plaintiff (Mullins) from the unit.

3.  While Plaintiff (Jamar Mullins) was being escorted in (mechanical wrist restraints) by C.O

    Doel Santiago-Sanabria and C.O Donald Johnson, while C.O Doel Santiago-Sanabria was

    asking Plaintiff (Jamar Mullins) if he needed a wheelchair another inmate walked directly

    towards C.O Sanabria and C.O Johnson that was escorting an already (restraint) Mullins and

    at that moment, the inmate began hitting Plaintiff (Jamar Mullins) with close fist punches in

    the face. C.O Doel Santiago-Sanabria and C.O Donald Johnson proceeded to let go of

    Plaintiff (Jamar Mullins) allowing him to fall flat on the floor, C.O Doel Santiago-Sanabria

Mullins

and C.O Donald Johnson did not maintain visual and physical control of an incarcerated person placed in (restraints) at all times. The second inmate was restrained and placed in segregation as well as Plaintiff (Jamar Mullins).

4. Once Plaintiff (Jamar Mullins) was in segregation, Plaintiff (Mullins) was seen by Shanda Detch an RN (nurse), she reported that (video of incidents were viewed by myself) report does not indicate that she evaluated Plaintiff (Jamar Mullins) for a concussion, another RN scheduled Plaintiff (Mullins) for a re-eval for post-concussion symptoms twelve days later after the assault on Plaintiff (Mullins).

5. On April 15, 2024 Plaintiff (Jamar Mullins) was finally able to be seen by the nurse after multiple days of Plaintiff's mother and himself calling in and complaining about the Plaintiff's very serious symptoms. Martha Woltman an RN in her report received a call from Plaintiff's (Jamar Mullins) mother in concern for her son. This prompted this nurse to see Plaintiff (Jamar Mullins) two hours later, Martha took vitals and notes of Plaintiff (Jamar Mullins) has been having symptoms of a concussion to include (dizziness, headaches, and vomiting).

6. On April 16, 2024 a medical ICS was activated for Plaintiff (Jamar Mullins) due to almost falling down the steps because of extreme dizziness he was able to prevent his fall by grabbing onto the rails. Plaintiff (Jamar Mullins) was sent to ED for evaluation, the report indicated for headaches, photophobia, vomiting coordination changes and dizziness. AN MD evaluation referral was placed.

7. Plaintiff (Jamar Mullins) was transported to Lakeview Hospital Emergency Room and was officially diagnosed with a concussion, left orbit medial wall fracture and a dental injury to front tooth. Also reported no follow up was not needed unless symptoms warranted.

Mullins

Plaintiff (Jamar Mullins) was advised to take ibuprofen and/or tylenol and no work for a week to allow for brain rest.

8. On July 23, 2024 Plaintiffs (Jamar Mullins) mother, set up an ROI to be filed for her son, also on July 23, 2024 Plaintiff's mother called to confirm if an CT appointment is approved. The appointment is approved on July 23, 2024, Plaintiff (Jamar Mullins) is seen at Rayus Radiology in Maplewood, MN for a CT scan appointment on 7/25/24. The doctor conclusion indicates "Chronic appearing left medial orbital bony wall fracture into which extend a small amount of intraorbital fat", Mild right frontal sinus mucosal thickening.

9. On December 18, 2024 Plaintiff (Jamar Mullins) was seen at Noran Neurology and was seen for a Neurology consult, the Assessment and plan include: concussion therapy and initiate Amitriptyline as his daily preventative. As of October, of 2025 Plaintiff (Jamar Mullins) has yet to be placed into concussion therapy ten months after the recommendation by the provider.

10. Plaintiff (Jamar Mullins) went through the grievance process with MCF-Stillwater starting on or about May of 2024, after no progress with that grievances, Plaintiff (Jamar Mullins) sent a letter to the Ombuds for Corrections (OBFC) on April 16, 2025 regarding the assault that took place on April 10, 2024. The review was completed and the case was closed in early May of 2025.

11. On April 5, 2025 Plaintiff (Jamar Mullins) was seen at U of M Health Fairview Eye Clinic for the persistent issues such as pain, watering, headaches from concussion from the assault that happened on April 10, 2024. The report shows that Plaintiff (Jamar Mullins) CT Head noting chronic fracture of lamina papyracea, CT Head from (2024) reviewed:( lower portions of orbits missing from scan frame) however possible bony abnormalities along ethmoid bone of medial orbital wall of left eye aligning with report of fracture. All due to the incident

Mullins

that happened 1 year and 4 months ago (April 10, 2024), the report also showed that the physician doesn't think surgery will help with the every day pain. Plaintiff (Jamar Mullins) is still seeing medical providers about his every day headaches and the pain he is having in his left eye.

## Claims for Relief:

### Count 1: EIGHT AMENDEMENT- FAILURE TO PROTECT (42 U.S.C. § 1983)

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendants Johnson, Santiago, Harrington, Clausen, Meyers, and Brown, failed to protect Plaintiff (Jamar Mullins) from known, foreseeable harm and acted with deliberate indifference to his safety.

### Count 2: EIGHT AMENDEMENT- DELIBERATE INDIFFRENCE TO MEDICAL NEEDS (42. U.S.C. § 1983)

1. Plaintiff (Jamar Mullins) Incorporates by reference all preceding paragraphs as though fully set forth herein.
2. Defendants NR (nurse) Detsch, Sgt. Schneider, Sgt. Woods, C.O Meyers, C.O Winberg and others failed to call for medical help and or provide Plaintiff (Jamar Mullins) with prompt medical treatment despite repeated Complaints, visible injuries and documented trauma.

### COUNT 3: FOURTEENTYH AMENDEMENT- SUBSTANTTIVE DUE PROCESS (42. U.S.C. § 1983)

1. Plaintiff (Jamar Mullins) Incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendants' action in allowing multiple assaults and not getting Plaintiff (Jamar Mullins) the medical care that he needed violated Plaintiff's liberty interest in bodily integrity and adequate care while in state custody.

Mullins

## COUNT 4:  STATE LAW CLAIM NEGLIGENCE

1. Plaintiff Incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendants owed a duty of care to Plaintiff (Jamar Mullins) to ensure safety and medical well-being while incarcerated and breached that duty through negligent conduct.

## COUNT 5:  GROSS NEGLIGENCE/RECKLESS DISREGARD

1. Plaintiff (Jamar Mullins) Incorporates by reference all preceding paragraphs as though fully set forth herein.

2. The failure to act, protect, or treat Plaintiff (Jamar Mullins) after clear notice of life-altering injuries constitutes gross negligence under Minnesota Law.

## COUNT 6:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

1. Plaintiff (Jamar Mullins) Incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendants conduct was extreme and outrageous, intentionally or recklessly causing Plaintiff (Jamar Mullins) severe emotional distress and mental anguish.

### DAMAGES:

Plaintiff has suffered severe physical pain, permanent injuries, emotional trauma, psychological; distress, loss of mobility, and substantial loss of life enjoyment.

Plaintiff demands **$10 million** in Compensatory and Punitive Damages

Mullins

## Prayer for Relief

Wherefore, Plaintiff (Jamar Mullins), respectfully request that this court:

1. Enter Judgment in his favor against all Defendants jointly and severally;

2. Award Compensatory Damages in the amount of $5,000,000;

3. Award Punitive Damages in the amount of $5,000,000;

4. Grant Injunctive Relief to ensure future safety and medical care

5. Issue declaratory relief finding Defendants violated Plaintiff (Jamar Mullins) rights;

6. Public apology to be made by the Minnesota Department of Corrections and other DOC Officials.

7. An award of pre-judgement & post judgement interest;

8. An award of attorney fees and cost pursuant to 42 U.S.C § 1983;

9. Declarative relief.

10. Cost.

11. Grant any other Relief the court deems just and equitable.

## Demand for Jury Trial

Plaintiff demands a trial by jury of all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedures.

Dated: 10/9/25

/s/ *Jamar P Mullins*

Signed under the penalty of perjury
Jamar Pierre Mullins
Pro Se

Mullins

**Temp. Mailing Address**
**Minnesota Correctional Facility-Faribault**
**1101 Linden Lane**
**Faribault, MN 55021**
Email: _____
Phone No. _____

### Acknowledgement

The above hereby Acknowledges that cost, disbursements, and witness fee may be awarded pursuant to Minnesota statute Section 549.211, Subdivision 3 to the party against whom the allegation in the pleading are asserted.

Mullins