**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| JAMAR PIERRE MULLINS, | Case No. 25-CV-3940 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| MINNESOTA DEPARTMENT OF CORRECTIONS; MCF-STILLWATER; PAUL SCHNELL, DOC Commissioner; SAFIA KHAN, Deputy Commissioner; CHYSTAL BRAKKE, Deputy Commissioner; KELLY MITCHELL, Assistant Commissioner; WILLIAM BOLIN, MCF-Stillwater Warden; DAN MOE, Assistant Warden; DOEL SANTIAGO-SANABRIA, C.O; DONALD JOHNSON, C.O; GERARDO PERALES, C.O; ANDREW MEYERS, C.O; JOEL HARRINGTON, LT.; MICHAEL BROWN, C.O; KORY CLAUSEN, K9; ELIZABETH SCHNEIDER, SGT; JUSTIN WOOD, C.O; DANIEL GORMAN, C.O; JACOB WINBERG, SGT.; JUSTIN D. MEYER; and SHANDA DETSCH, RN, in their individual and official capacities, | |
| Defendants. | |

---

Plaintiff Jamar Pierre Mullins has applied for *in forma pauperis* ("IFP") status. (Dkt. No. 2.) Because Mr. Mullins is a prisoner, *see* 28 U.S.C. § 1915(h), the IFP application is governed by 28 U.S.C. § 1915(b), which requires that prisoners seeking IFP status pay an initial partial filing fee upon initiating a civil action, *see Ashley v. Dilworth*, 147 F.3d 715,

716 (8th Cir. 1998). The initial partial filing fee owed by the prisoner-litigant is 20% of the greater of the average monthly deposits to the plaintiff's facility trust account or the average balance in the plaintiff's account for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1).

The Court has calculated the initial partial filing fee owed in this matter from the facility trust account information submitted by Mr. Mullins (Dkt. No. 2), and finds that Mr. Mullins must submit an initial partial filing fee of $16.62.[1] This action will not go forward until Mr. Mullins's initial partial filing fee of $16.62 has been paid in full. If Mr. Mullins does not pay the initial partial filing fee within 21 days of the date of this Order, Mr. Mullins will be deemed to have abandoned this action, and the Court will recommend that the case be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, Mr. Mullins is offered the following warnings:

- If Mr. Mullins elects to pursue this action through payment of the $16.62 initial partial filing fee, the entire remaining balance of the $350.00 statutory filing fee will have to be paid in later installments. Officials at the facility where Mr. Mullins is confined will be notified of this requirement and will be authorized to withdraw funds from Mr. Mullins's facility trust account and remit those funds to the Court, consistent with § 1915(b), regardless of whether he succeeds in this action.

---

[1] Mr. Mullins's trust account statement shows that the amount of his average monthly deposits during the preceding six-month period was $83.11. (IFP App. at 6, Dkt. No. 2.) While his trust account statement provides no information on the average monthly balance of his account during this same period, Mr. Mullins attached six months of his trust account statement to his IFP application. (Dkt. No. 3.) This financial information indicates that it is not unreasonable to calculate his initial partial filing fee using his average monthly deposits during the six months immediately preceding the filing of this action. Put differently, Mr. Mullins's financial statements show that he has the assets and the means to pay an initial partial filing fee, under the formula prescribed by 28 U.S.C. § 1915(b)(1), of 20% of the average deposits amount, or $16.62.

- Upon payment of the initial partial filing fee, the Court will review Mr. Mullins's complaint and determine whether he has pleaded a viable claim for relief over which the Court has jurisdiction.[2] If the Court finds that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, Mr. Mullins will incur a "strike" under 28 U.S.C. § 1915(g). After incurring three or more such "strikes," Mr. Mullins's ability to proceed IFP in federal court will be greatly restricted.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Jamar Pierre Mullins must pay an initial partial filing fee of at least $16.62 within 21 days of the date of this Order.

2. Should Mr. Mullins fail to pay the initial partial filing fee, the Court will recommend that this action be dismissed without prejudice for failure to prosecute.

Dated: October 16, 2025

_s/ John F. Docherty_____
JOHN F. DOCHERTY
United States Magistrate Judge

---

[2] Mr. Mullins is warned that vicarious liability does not apply to § 1983 actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This means that to establish a § 1983 claim, "a plaintiff must plead that each Government-official, *through the official's own individual actions*, has violated the Constitution." *Id.* (emphasis added). Further, "Eleventh Amendment [sovereign] immunity allow[s] suits for prospective injunctive relief against state officials sued in their official capacities but not suits for prospective injunctive relief against state agencies." *See Wolk v. City of Brooklyn Ctr.*, 107 F.4th 854, 858 (8th Cir. 2024).