Mullins

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jamar Pierre Mullins
      **Plaintiff,**

v.

**Minnesota Department of Corrections,
MCF-Stillwater, D.O.C Commissioner Paul
Schnell, Deputy Commissioner Safia Khan,
Deputy Commissioner Crystal Brakke, Assistant
Commissioner Kelly Mitchell, MCF-Stillwater
Warden William Bolin, Assistant Warden Dan
Moe, C.O Doel Santiago-Sanabria, Sgt. Keith
Wieken,  C.O Donald Johnson, C.O Gerardo
Perales, C.O Andrew Meyers, L.t Joel Harrington,
C.O Michael Brown, k9 Kory Clausen, Sgt.
Elizabeth Schneider, C.O Justin Wood, C.O
Daniel Gorman, Sgt. Jacob Winberg, Justin D.
Meyer, RN (nurse) Shanda Detsch (Any
Additional Defendants)**
      **Defendant(s).**

**Court File No. 25-CV-3940 (PJS/JFD)**

 Pro-SE Plaintiff Motion and Exhibit in
Ojection/Opposition to the Courts Report and
Recommendation to dismiss and /or summary
judgment

RECEIVED BY MAIL
APR - 6 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

NOTE:

The plaintiff redundantly argues some of the claims, because he is responding to the Magistrate courts/defendants redundantly raising the "failure to provide constitutionally adequate medical care" issue even though plaintiff never raised it.

### Pro-Se Plaintiff's clarification to the courts

1. As a "Pro-Se" litigant with no formal legal training or knowledge of law, Mr. Mullins submitted a

    second 1983 42 U.S.C. sect. 1983- which Mr. Mullins called an amended complaint with a

SCANNED LT
APR 0 6 2026
U.S. DISTRICT COURT MPLS

Mullins

withdrawal of his total issues originally presented. These withdrawal issues are (COUNT 3:

FOURTEENTH AMENDEMENT- SUBSTANTTIVE DUE PROCESS), AND (COUNT 5: GROSS

NEGLIGENCE/RECKLESS DISREGARD).

2.  Mr. Mullins mention in his so called "Amended" complaint that he was not dropping or waiving

any of his prior issues.

3.  After doing some studying of civil cases- Mr. Mullins learned as a pro-se litigant that, what he

actually attempted to do was ("Addend" his complaint) not "Amended" the complaint.

4.  Therefore Mr. Mullins move this court to include and consider all issues raised in both his pro-se

complaints.

5.  Mr. Mullins know that the courts usually will excuse a pro-se litigant mistakes/ignorance of law in

sect- 42 U.S.C. sect 1983 action. This pro-se litigant attempted to "Addend" his complaint while

calling it a "Amended complaint should be excused due to pro-se plaintiff ignorance and

inexperience. He should not be held to strict standers and should be given the chance to

"Addend" his complaint. (see) Nasious v. Two Unknown B.I.C.E. agents, 492 F.3d 1158 (10th

Cir.2007) Cintron Lorenzo v. Department of de Asuntos del consumidor, 312 F.3d 522, 526 27 (1st

Cir.2002) Smith- b4 v. Cripe, 852 F.2d 592, 594 (D.C. Cir 1988).

6.  There for Mr. Mullins asked the courts to consider replacing the following issues that were

previously excluded by the "Amended" complaint, also Mr. Mullins asked the courts to add the

issue of (THE DEPARTMENT OF CORRECTION COMMISSIONER FAILED TO PROPERLY TRAIN THE

PRISON STAFF RELATING TO PRISONER RIGHTS TO IAMMEDIAED TREATMENT AND PROTECTION

FROM RISK OF DANGER, INJURY, AND ASSAULT.

Mullins

1. Now come the plaintiff in this cause of action in good-faith and files this "Objection" to the Magistrate courts Report and Recommendation in case No. 25-cv-3940 (PJS/JFD), the Honorable Judge, John F. Docherty, dated 02/12/2026 to dismiss the plaintiff Pro-Se complaint, for failure to state a claim under 42 U.S.C sect 1983 Civil Rights Action.

2. This Plaintiff "Objection to the courts Magistrate's Report and Recommendation" is failed pursuant the authorities, (local-rules, 72.2(b) (1), Fed. R. CIV. Proc. 72(B) (2), 28 U.S.C. 636(b) (1) (c). It is stated by the Magistrate that, Plaintiff has filed to state a claim upon which relief can be granted or that the pleading is not actionable.

3. All the allegations in the plaintiff's complaint must be excepted as true by this Honorable court. Also, all reasonable inferences should be in plaintiff's favor. (see) Aten v. Scottsdale Insuv. Co., 511 F.3d. 818, 820 (8th Cir.2008). All of the plaintiff (claims) and factual pleading are clearly above the level of mere speculation. (see) Bell Atl. Corp. v. Twombly 550 U.S. 544, 535 (2007).

4. While stating that the plaintiff has failed to state a claim, the Magistrate courts has stated several separate ways how all of the plaintiff's varied issues are claims base upon or derived from the United States Supreme Court case- (see) Ashcroft v. Igbal, 556 U.S. 662 (2009). While relying on this Supreme Court's decision, the Magistrate then addressed the issue/doctrines of "Supervisors Liability" and the "Personal Involvement" of each defendant "Direct or Indirect Participation" "Knowledge of the defendants".

5. The Magistrate courts acting as prosecutor for defendants and impartial fact finder, the defendants through the United States Magistrate District Courts the Honorable John F. Docherty represents falsely and materially inaccurately that "failure to provide constitutionally adequate medical care" is the issue and claim that this pro-se plaintiff (Mr. Mullins) has raised in his original complaint. (see) the courts Report and Recommendation page 6. A review of the pro-se plaintiff (Mr. Mullins) complaint it will show that nowhere does it say "failure to provide

Mullins

constitutionally adequate medical care". Additionally, the Magistrate Courts prosecuting this case for the defendants actually states and admits on page 6 at 2. That, Mr. Mullins specifically asserts that nurse Detsch, Sgt. Schneider, Sgt. Woods, Co Meyers, Co Winberg, "and other failed to call for medical help and or provide [him] with prompt medical treatment despite repeated complaints, visible injuries and documented trauma". (Compl. At 6)

6. How the Honorable courts should treat the pro-se plaintiff (Mr. Mullins) complaint when considering the Magistrate courts and the defendant motion to dismiss or for summary judgment: While this Honorable courts is making their Report and Recommendation determinations while reviewing issues of the complaint for purposes of possible dismissal or summary judgment. The courts must accept as true all allegations or material facts and construe them in the light most favorable to the pro-se plaintiff (Mr. Mullins) and construe pro-se pleading liberally. (see) Resnick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000) Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 96 (2d Cir 1999).

1. On page 2 of the courts Report and Recommendation it states that, the Courts recommends that Mr. Mullins negligence claim should go forward. Mr. Mullins has no objection to this. However, the courts states after that the part of his claim for failure to provide constitutionally adequate medical care that seeks prospective relief against defendants in their official capacities should also go forward. The problem with this is, nowhere in Mr. Mullins complaint does it say "failure to provide constitutionally adequate medical care". In fact, the only time "adequate care" is use is on page 6. Count 3: Fourteenth Amendment Substantive Due Process (42. U.S.C 1983) in Mr. Mullins complaint. Which states "Defendants action in allowing multiple assaults and not getting (Jamar Mullins) the medical care that he needed violated plaintiff's liberty interest in bodily integrity and adequate care while in state custody". Also, on page 2 of the courts Report and Recommendation it say, "the court recommends that Mr. Mullins other claims be dismissed,

Mullins

including his claim against defendants in their individual capacities alleging failure to provide

constitutionally adequate medical care and Mr. Mullins request of monetary damages". How can

the courts recommend that this claim be dismissed when this was never a claim to-began with?

Again, nowhere in Mr. Mullins complaint does it say "FAILURE TO PROVIDE CONSTITUTIONALLY

ADEQUATE MEDICAL CARE". Mr. Mullins recommends that, The Courts Report and

Recommendation should be dismissed do to the fact that the Report and Recommendation is

inaccurate/ false in The Courts statement that the plaintiff raised a "failure to provide

constitutionally adequate care" claim.

### FAILURE TO PROTECT/DELIBERATE INDIFFRENCE

To bring a failure-to-protect claim regarding physical or sexual assault, you need to show "DELIBERATE

INDIFFERENCE". This requires proof that:

1. Guards knew that there was a substantial risk you would be harmed; and

2. They failed to respond reasonably to protect you.

1. In C.O. Donald Johnson incident report, he stated, "I assisted C.O. Santiago in placing wrist

   restraints on inmate Mullins and once we began walking, I notice an inmate walking directly

   towards us (Officer Santiago, inmate Mullins and myself) and it was at that moment inmate

   began hitting inmate Mullins with closed fist punches in the face. C.O. Donald Johnson incident

   report showed that "PRISON OFFICIAL DISPLAYED "DELIBERATE INDIFFERENCE" OR RECKLESS

   DISREGARD FOR SAFETY BY FAILING TO ACT REASONABLY IN RESPONSE TO DANGER". (see)

   Davidson v. Cannon 474 U.S. 344, 347 48. 106 S. Ct. 668 (1986); Boyce v. Moore, 314 F.3d 884

   889 (7th Cir. 2002). Also see Exhibit 1. C.O. Donald Johnson incident report.

Mullins

2.  During this same incident C.O. Doel Santiago- Sanabria was present and responsible for placing mechanical wrist restraints on Mr. Mullins (Plaintiff) along with C.O. Donald Johnson. In C.O. Doel Santiago- Sanabria incident report it states that, "Officer Johnson and I proceeded to place mechanical wrist restraints on IP Mullins who was seating on flag. Officer Johnson and I proceeded to escort IP Mullins out the unit when I was asking IP Mullins if he needed a wheelchair or was able to walk IP assaulted IP Mullins who was on mechanical restraints during the escort. "I proceeded to let go of IP Mullins and escort to the ground IP who resisted staff and continue to try to assault IP Mullin". C.O. Doel Santiago- Sanabria action in allowing Mr. Mullins to get assaulted and proceeded to let go of Mr. Mullins while he had on mechanical wrist restraints, that led to Mr. Mullins falling to the ground.  C.O. Doel Santiago- Sanabria violated D.O.C Policy Number: 301.081 Response to Restraint Systems, and Escape, by letting Mr. Mullins go while he was in mechanical wrist restraints that resulted in Mr. Mullins falling to the ground. D.O.C. Policy 301.081 (f) states that, "It is the responsibility of all officer to ensure that once an incarcerated person is place in restraints, visual and physical control of the incarcerated person is maintained at all time". (see) Exhibit (6) D.O.C. Policy Number: 301.081 (f) highlighted.

3.  Security staff members, C.O. Gerardo Perales, C.O. Andrew Meyers, Lt. Joel Harrington, K-9 Kory Clausen and C.O. Michael Brown at the scene of the incident of where Plaintiff (Mr. Mullins) was attacked by other prisoner while (HANDCUFFED) watched and then allowed the aggressive prisoner to tread into and trespass into security control restraint area, where Plaintiff (Mr. Mullins) was being escorted, secured and detained (see) Exhibit (1) C.O. Gerardo Perales, C.O. Andrew Meyers, Lt. Joel Harrington, K-9 Kory Clausen and C.O. Michael Brown (INCIDENT REPORTS). Security staff members didn't prevent the attacker from seriously assaulting the (Restrained) Plaintiff (Mr. Mullins) in their custody, control and care. Prison Officials/ employees

Mullins

can be found deliberately indifferent if they stand by and do nothing about an assault they witness. (see) Snider v. Dyling 188 F.3d 51, 55 (2d Cir.1999).

4. On page 6 at the top of the Courts Report and Recommendation, The Courts cite- Farmer v. Brennan, 511 U.S. 842- 42 (1994), this works in Mr. Mullins favor because it states that, "The constitution requires prison and jail official to provide "reasonable safety" for prisoner.

5. Farmer v. Brennan, 511 U.S. 825, 844, 114 S. Ct. 1970 (1994); Helling v. Mckinney, 509 U.S. 25,33 113 s. Ct. 2475 (1993) (Quating Deshaney v. Winnebago Cunty Dept of Social Services, 489 U.S. 189, 200, 109 S. Ct 998 (1989). They must protect them from assault by other inmate and from unreasonably hazardous living and working condition, and must refrain from subjecting them to the unnecessary and excessive use force.

6. (The constitution is violated "where defendants know of the danger or where the threat of violence is so substantial or pervasive that their knowledge could be inferred, and yet defendants failed to embrace a policy or take other reasonable steps which may have prevented the harm). (see) Clem v. Lomeli, 566 F.3d 1177, 1181- 82 (9th Cir.2009) (jury in assault case should have instructed that defendants failure to act as well as actin could support finding of deliberate indifference.

## Conclusion

Mr. Mullins (Plaintiff) has more than enough to prove to the Courts that there was a "FAILURE TO PROTECT" on the behave of the prison officials/defendants with the Facts and the Exhibits giving in this motion of Objection. (see) Exhibit (1) all incident report

Mullins

### Failure to Provide Constitutionally Adequate Medical Care

1. In The Courts Report and Recommendation on page 6 at 2. The Courts states, that Mr. Mullins specifically asserts that nurse Detsch, Sgt. Schneider, Sgt. Woods, C.O Meyers, C.O Winberg, "and others failed to call for medical help and or provide [him] with prompt medical treatment despite repeated complaints, visible injuries and documented trauma". (Compl. At 6.) This is true, Mr. Mullins did write this under COUNT 1: EIGHT AMENDEMENT- FAILURE to PROTECT (42 U.S.C. 1983) Claim. Mr. Mullins only used the words (ADEQUATE CARE) in COUNT 3: FOURTEENTH AMENDEMENT- SUBSTANTIVE DUE PROCESS (42. U.S.C. 1983) which states, Defendants action in allowing multiple assaults and not getting Plaintiff (Jamar Mullins) the medical care that he needed violated Plaintiff liberty interest in bodily integrity and adequate care while in state custody. No where in Mr. Mullins complaint does it say "FAILURE to PROVIDE CONSTITUTIONALLY ADEQUATE MEDICAL CARE".

2. The Courts states that, "deliberate indifference" "has both an objective and a subjective component. To establish this standard in the medical context. [t]he Plaintiff must demonstrate (1) That he suffered from objectively serious medical need". Mr. Mullins (Plaintiff) was twice assaulted on April 10, 2024 one of them assaults Mr. Mullins (Plaintiff) was (handcuffed) and after he was diagnosis with a concussion, left orbit medial wall fracture, and dental injury to a top left front tooth (see) Exhibit (4). Before Mr. Mullins knew he had a concussion from after the day of the assaults Mr. Mullins and his mother continually was informing health service know that he is having very serious medical issue

Mullins

and pain. (see) Exhibit (4) health service medical records/ outside medical records- highlighted date: 04/15/2024. Not until the morning of April, 16 2024 in which Mr. Mullins (Plaintiff) almost fell down the stairs from continuous headaches, extreme dizziness, and nausea then Mr. Mullins was taken to Lakeview Emergency room. That's when Mr. Mullins learned that and had been diagnosis with a concussion, left orbit medial wall fracture, and dental injury to a left front tooth. (see) Exhibit (4) health service medical records/ outside medical records- highlighted date: 04/16/2024. With this above also the exhibits Mr. Mullins demonstrates more than enough that he suffered from an objectively serious medical need.

3. Also, The Courts states, (2) prison officials actually knew of but deliberately disregarded those need. Prison staff and official, nurse Detsuch, Sgt. Schneider, Sgt. Woods, C.O. Meyers, C.O. Winberg, (and others). The others that Mr. Mullins is preferring to are, C.O. Doel Santiago- Sanabria, C.O. Donald Johnson, C.O. Gerardo Perales, Sgt. Keith Wieken, Lt. Joel Harrington, K-9 Kory Clausen disregarded all of the Plaintiff (Mr. Mullins) serious medical needs, care, and treatment and was deliberate indifference to them. (see) Jolly v. Knudsen, 205 F.3d 1094, 132 F.3d 1234, 1239 (8th Cir. 1997). Establishes and reveals that the Plaintiff in this Civil Action did not receive a medical examination, care, or treatment for his serious medical condition from a D.O.C. physician for a time period of 37 days constituting a denial of immediate medical care for serious injuries and medical condition. (see) Exhibit (4)- highlighted date: 5/17/2024.

NOTE:

Also, Exhibit (4) will reveal and establishes that the Plaintiff (Mr. Mullins) was transported to Lakeview Hospital Emergency room on 04/16/2024 after almost falling down the stairs in the

Mullins

morning from being extremely dizzy and having continuous headaches since Plaintiff (Mr. Mullins) was assaulted on 04/10/2024 (see) Exhibit (4). From that visit to Lakeview Hospital a MD/Physician verified that Mr. Mullins has a concussion, left orbit medial wall fracture, and dental injury to a left front tooth. Then on 07/23/2024 3 months later Mr. Mullins mother called to see if a ROI was file and if her son (Mr. Mullins) was going to get a CT scan for the headaches and pain he's having in his head and left eye (see) Exhibit (5). On 07/25/2024 Mr. Mullins was taking to RAYUS Radiology and the conclusion from that visit was, 1. Normal CT appearance of the brain without evidence of intracranial mass, intracranial hemorrhage or acute or subacute infarction. 2. Chronic appearing left medial orbital bony wall fracture into which extends a small amount of intraorbital fat. 3. Mild right frontal sinus mucosal thickening (see) Exhibit (5)- RAYUS Radiology. 1 year and 4 months later after Mr. Mullins was assaulted, he was seen at U of M Fairview eye clinic on 8/5/2025 for his left orbit medial wall fracture, "the lower portion of orbits missing from scan" that was taking back on 07/25/2024 at RAYUS Radiology (see) Exhibit (5)- highlighted date 8/6/25 page 1-2. U of M Fairview eye clinic order another CT scan to be done which it was then Mr. Mullins returned back to U of M Fairview medical center. MD Michael Christensen report said, "We reviewed his (Mr. Mullins) CT. he has a left medial wall fracture likely contributing to his enophthalmos, as well as a ZMC with a displaced arch. I recommend facial plastic or OMFS evaluation. His main symptom is pain over the supra orbital rim-which I think is neuropathic, and some discomfort with his jaw/chewing. If they decide upon repair, we discussed they may do the orbit repair at the same time, or I would be happy to see him (Mr. Mullins) back afterwards if he is bother by enophthalmos, but we discussed it will not do anything for his (Mr. Mullins) pain (see) Exhibit (5)- highlighted date 12/16/2025.

Mullins

OBJECTIVE and SUBJECTIVE Factors of Plaintiff's (Mr. Mullins) COUNT 2: "DELIBERATE

INDIFFENCE" 8TH AMENDMENT and COUNT 3: FOURTEENTH AMENDMENT- SUBSTANTIVE

DUE PROCESS are established in this case where:

A) Plaintiff (Mr. Mullins) has already established and demonstrated that (1) he suffered

from objectively serious medical injuries and serious medical needs.

B) Plaintiff (Mr. Mullins) has already clearly established that prison officials actually knew or

should have known of the Plaintiff's (Mr. Mullins) serious medical needs and disregarded

them when immediately after Plaintiff (Mr. Mullins) was attacked while in handcuffs- he

was taken to disciplinary punishment segregation instead of health services or the

hospital and was not seen by a physician.

The Plaintiff had an EIGHTH AMENDMENT right to avoid the pain from the officer's

"DELIBERATE INDIFFERENCE"; two- day delay in treating appendicitis was serious even

though the appendix did not rupture; Sprvill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Also (citing)- Delay in treating painful medical conditions that are not life- threatening

can support an EIGHTH AMENDEMENT claims; Cooper v. Cosey, 97 F.3d 914, 916- 17 (7th

Cir. 1996) ("the existence of CHRONIC and SUBSTANTIAL PAIN itself demonstrates a

"SERIOUS MEDICAL NEED"); Kaminsky v. Rosenblum, 737 F. Supp, 1309, 1319 (S.D.N.Y.

1990) (holding failure to treat server pain could constitute deliberate indifference). (see)

Wilson v. Francheser, 735 F, Supp. 395, 398 (M.D.Fla, 1990).

Mullins

## Individual Capacity Claims

1. On page 7 of the Courts Report and Recommendation under Individual Capacity Claim the Courts states that, Mr. Mullins identifies each defendant in both their individual capacity and in their official capacity as agent of the state of Minnesota. Mr. Mullins never identified the defendants in both their individual capacity or in their official capacity as (agent of the state of Minnesota). In fact, Mr. Mullins identifies the defendants in both their individual capacity and in their official capacity as all D.O.C. Employees and/or Representative at the MCF- Stillwater acting under the color of state law. (see) Mr. Mullins Complaint on page 2.

2. Also, on page 7 of the Courts Report and Recommendation it states that, "starting with the individual capacity claim [p]ersonal- capacity suits... seek to impose individual liability upon a government officer for action taken under color of state law. Hafer, 502 U.S. at 25. Thus, in a § 1983 action such as this one "a plaintiff must plead that each government official defendant, through the officials own individual action, has violated the constitution". Mr. Mullins (Plaintiff) clearly states in his Complaint that, the defendant's failed to protect Plaintiff (Jamar Mullins) and acted with reckless disregard for his "very serious medical needs" for several days, violating his EIGHTH AND FOURTEENTH AMENMENT RIGHTS (see) page 1 of Mr. Mullins (Plaintiff) Complaint Introduction 1. Also going into the top of page two of Mr. Mullins Complaint. Mr. Mullins (Plaintiff) would like to cite- "to get damages from state officials, you must name defendants in their individual or personal

Mullins

capacities. Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099 (1985); Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).

3. Also, on page 7 under Individual Capacity claim the Courts states that, "Mr. Mullins (Plaintiff) names five defendants as to the claim for failure to provide constitutionally adequate medical care, but he asserts factual allegation against only two of them: nurse Detsch and C.O. Meyers". Again, Mr. Mullins (Plaintiff) named 5 defendants under COUNT 2: EIGHTH AMENDMENT- DELIBERATE INDIFFRENCE TO MEDICAL NEEDS (42. U.S.C. § 1983) which say on 2. "Defendants NR (nurse Detsch, Sgt. Schneider, Sgt. Woods, C.O. Meyers, C.O. Winberg and other failed to call for medical help and or provide Plaintiff (Jamar Mullins) with prompt medical treatment despite repeated complaints, visible injuries and documented trauma". Nowhere in Mr. Mullins (Plaintiff) complaint does it say five "defendants failed to provide constitutionally adequate medical care". In fact, the only time (ADEQUATE CARE) is used in Mr. Mullins Complaint is on page 6 under COUNT 3: FOURTEENTH AMENDMENT- SUBSTANTIVE DUE PROCESS (42. U.S.C §1983). Which states, Defendants action in allowing multiple assaults and not getting Plaintiff (Jamar Mullins) the medical care that he needed violated Plaintiffs liberty interest in bodily integrity and "adequate care" while in state custody. The Courts states on page 7 under Individual Capacity claim that, "Even if Mr. Mullins medical needs at this point were "so obvious that even a layperson would easily recognize the necessity for a doctor's attention, Mr. Mullins asserts no facts suggesting that either C.O. Meyers or nurse Detsch was deliberate indifferent to those needs". In Mr. Mullins Complaint on page 3 under Factual Allegation at 2. It states that, Staff responded to the situation and found Plaintiff (Jamar Mullins) laying on the ground unconscious and not

Mullins

moving, while C.O. Andrew Meyers was the initial responding officer for the Plaintiff (Jamar Mullins) ….

4. When staff specifically C.O. Meyers found Mr. Mullins on the ground unconscious and not moving medical help was not called or was health service called. That's more than enough to show "DELIBERATE INDIFFERENT" to Mr. Mullins medical needs, care, and treatment. In them five names in Mr. Mullins Complaint on page 6 under COUNT 2: EIGHTH AMENDMENT- DELIBERATE INDIFFERENCE TO MEDICAL NEEDS (42. U.S.C § 1983), C.O. Meyers name along with other staff officials is in there and it states defendants failed to call for medical help etc.

5. Individual Capacity Claim of liability on specific defendant Correctional Officer/ Nurse Detsch and her conduct or failure to act and her false statement that states, "Video of incidents were viewed by myself to verify that IP did not lose consciousness. Movement noted the entire time that IP was on the ground" (see) Exhibit (3) RN Shanda Detsch Progress Note- Nursing. Also, in Exhibit (3) there is an Incident Report that states, on 4/10/24 staff activated an ICS for an inmate that had collapsed on the back flag. Staff witnessed offender Mullins #244210 on back flag "NOT MOVING". In the same Incident Report highlighted it states that, Upon, review of the "VIDEO" it shows that initially offender Mullins was walking down the flag and offender Taylor runs up to offender Mullins and throws punches to the face of offender Mullins, "WHO GETS KNOCKED OUT AND FALL TO FLAG" (see) Exhibit (3) INCIDENT REPORT.

6. Consequently, showed and established "DELIBERATE INDIFFERENCE" and denial of immediate MEDICAL CARE and TREATMENT for Plaintiffs (Mr. Mullins) serious medical condition/ injuries.

Mullins

7. The Magistrate Courts/and defendants in the (Magistrate Report and Recommendation states, on page 7- at the bottom that, "Indeed Mr. Mullins asserts no facts describing what C.O. Meyers purportedly did or failed to do to treat his medical conditions. Further, with respect to Nurse Detsch's report, Mr. Mullins does not assert that Nurse Detsch did not treat him following the assaults".

8. Pro- Se Plaintiff Complaint states and specifically represents on page 2 at 5. "Defendant: RN (nurse) Shanda Detsch is a medical provider employed by the MNDOC at (MCF- Stillwater) who knew the seriousness of the plaintiff's medical condition and/or falsified reports regarding Plaintiff (Jamar Mullins) "very serious medical needs" (see) page 2 at 5. In the Plaintiff's Complaint.

9. These facts, Exhibits, claims, and statements by the Pro-SE Plaintiff (Mr. Mullins) standing and established alone proves "DELIBERATE INDIFFERENCE" to immediate medical care, treatment for serious injury when A. Nurse Detsch did not instruct security staff/ segregation staff to get Plaintiff to health service to be subjected to medical examination and treatment. Even when she (nurse Detsch) knew Plaintiff had been subjected to 2 separate vicious physical attacks by prisoners after she (nurse Detsch) had personally viewed the entire security video of the incident/ beating imposed upon the handcuffed Plaintiff (Mr. Mullins.

10. Nurse Detsch never examined Plaintiff (Mr. Mullins) for a concussion on the date she went to his disciplinary segregation cell on the date of April, 10 2024. On the following days after the assaults on April, 10 2024 Nurse Detsch never set up or arranged for the Plaintiff (Mr. Mullins) to be interviewed by health service for medical examination treatment care or by an D.O.C. physician.

Mullins

11. After Plaintiff contacted his mother on the days after the assaults, 5 days later it was only then that the Plaintiff (Mr. Mullins) was set-up to be interviewed in the A east Unit. So even up to the date of 04/16/2024 the Plaintiff still was never taken to health services to be interviewed and examined by a D.O.C. Physician.

12. The review of the afore mentioned facts above and Exhibits also clearly establish that the Dept. of Corrections Commissioner failed to properly train the defendants/employees listed and involved in this action.

13. Under such circumstance the Commissioners are also liable in their individual and official capacities for Monetary Damages, Punitive and Compensatory for failure to properly train Staff Officials.

14. D.O.C. Commissioner Paul Schnell, Deputy Commissioner Safia Khan, Deputy Commissioner Crystal Brakke, Assistant Commissioner Kelly Mitchell, MCF- Stillwater Warden William Bolin, and Assistant Warden Dan Moe. These defendants, failed to properly train their staff relating to the care, protection treatment and safety of a state prisoner who are in their care/custody against attacks and assaults and serious injuries by another prisoner particularly when prison security staff forced the prisoner/ victim to be physically restrained by handcuffs but not protected by security staff while being escorted to punitive segregation punishment nuit environment. (see) D.O.C. Policy number: 301.081 highlighted-f) in Exhibit (6).

Mullins

## Official Capacity Claims

1. On page 9 of the courts Report and Recommendation it states that, this leaves Mr. Mullins official capacity claims. "Suits against state officials in their official capacity should be treated as suits against the state". Hafer, 502 U.S. at 25. Mr. Mullins did some research on Hafer, 502 U.S. at 25. And his finding was that the Courts is (citing) Hafer v. Melo, 502 U.S. 21, 27- 28, 112 S. Ct. 358 (1991). This case works in Mr. Mullins favor because this case states, that "Prison Officials may claim that they are protected by the Eleventh Amendment because they were acting in their official capacities. The Supreme Court has rejected this argument.

2. On page 9 of the Courts Report and Recommendation it states that, as a threshold matter, Mr. Mullins identifies The Department of Corrections (DOC) As a defendant to this action. After Mr. Mullins did some research, he knows now that the Department of Corrections (DOC) is not a "person" so he can not name them as a defendant (MR. MULLINS UNDERSTANDS THAT NOW).

3. On page 9 of the Courts Report and Recommendation it states that, Second Mr. Mullins requests monetary, injunctive, and declarative relief. (Compl. At 8.) But [n]either a state nor its officials acting in their official capacities are 'person' under § 1983 when sued for money damages. The first thing that's wrong about this for the Courts is that, Mr. Mullins never named the (State) as a defendant. Second, you can sue an (State Official) but not the State itself – for an injunction in his or her official capacity. (see) Kentucky v. Graham, 473 U.S. at 167 n. 14. (citing) when suing for money damages you must name the defendant in their (individual or personal capacities.) (see) Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099 (1985); Ruiz v. McDonnell, 299, F.3d 1173, 1180 (10th Cir.2002). In Mr. Mullins (Complaint on page 2) it clearly states, "the following defendants in their "OFFICIAL and INDIVIDUAL CAPACITIES: D.O.C Commissioner Paul Schnell, Deputy Commissioner Crystal Brakke, Deputy Commissioner Safia Khan, Assistant Commissioner Kelly Mitchell, MCF- Stillwater Warden William Bolin, Associate Warden Dan Moe, C.O Doel

Mullins

Santiago- Sanabria, C.O. Donald Johnson, C.O. Gerardo Perales, C.O. Andrew Meyers, Lt. Joel Harrington, C.O. Michael Brown, K-9 Kory Clausen, Sgt. Elizabeth Schneider, Sgt. Justin Woods, C.O. Daniel Gorman, Sgt. Jacob Winberg, Justin D. Meyer, Nurse Shanda Detsch, are all D.O.C. Employees and /or Representative at the MCF- Stillwater acting under the color of state law.

4. When it comes to "official and Individual Capacities", Mr. Mullins only names people by their first and last names. No were in Mr. Mullins Complaint did he name an "state, state agencies, or the Department of Correction (DOC) IN THEIR Official or their individual capacities.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. On page 10 of the courts Report and Recommendation under 1. Intentional Infliction of Emotional Distress the Courts states that, "even if Mr. Mullins asserted sufficient facts establishing that the defendants conduct constitutes "extreme and outrageous conduct" that is "utterly intolerable to the civilized community," id. At 866 (citation omitted), and that the conduct was intentional or reckless, he has failed to allege any particularized facts suggesting that this conduct caused him to suffer emotional distress or that the distress he suffered was severe (elements three and four"). In Mr. Mullins Complaint on page 1 under INTRDUCTION: it clearly states that Plaintiff (Jamar Mullins) was twice assaulted while in custody resulting in serious physical injuries including a concussion, chronic left orbit medial wall fracture, dental injury to left top front tooth, chronic dizziness, and visible injuries, the Defendant's failed to protect Plaintiff (Jamar Mullins) , and acted with reckless Disregard for his safety, and didn't give proper medical care for his "very serious medical needs" for several days, violating his Eight and Fourteenth Amendments Rights. (Mr. Mullins Exhibits alone proves all of his claims to be true)

2. From the day of the assaults up until recently these Exhibits will show what Mr. Mullins was going through and continually going through with his ever day pain that he is having in his head/ left eye from the assaults that happen on 04/10/2024. The Medial records/outside medical

Mullins

records are all (Highlighted by dates starting from the day Mr. Mullins was assaulted up until the recent days.

3. These Medical Records will show INTENTIONAL INFLINCTION of EMOTIONAL DISTRESS Mr. Mullins has and still are going through. These Medical Records are going to prove that:

(1) "The conduct complained of was extreme and outrageous;

(2) The conduct was intentional or reckless;

(3) The conduct caused emotional distress;

(4) And the distress suffered was severe".

4. These Medical Records will show/prove that Mr. Mullins has more than enough facts to meet all 4 elements of "INTENRTIONAL INFLICTION OF EMOTIONAL DISTRESS.

**CONCLUSION:**

Based upon all the afore-going, the Plaintiff (Jamar Mullins) is entitled to all the relief requested in his Complaint due to the defendant's liability in their INDIVIDUAL CAPACITIE'S, also the Magistrates "Report and Recommendation is contrary to applicable Federal Law and as a consequence thereof should be denied in full.

**All the foregoing is true and correct. I swear under penalty of perjury pursuant to 28 U.S.C.S. §1746**

Dated this _03_ day of _31_ , 2026          Signed: _____

Jamar Mullins OID # 244210
MCF – Faribault, Minnesota
1101 Linden Lane
Faribault, MN 55021