UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamar Pierre Mullins,

      Plaintiff,

    vs.

Minnesota Department of Corrections,
et al.,

      Defendants.

Civil File No. 25-cv-03940 (PJS/JFD)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

## INTRODUCTION

Plaintiff Jamar Pierre Mullins filed objections to the Magistrate Judge's Report and Recommendation, recommending dismissal of many of the claims in Mr. Mullins' amended complaint. (*See* Doc. 47.) For the following reasons, the Court should overrule Mr. Mullins' objections and adopt the Magistrate Judge's Report and Recommendation (Doc. 37) in full.

## PROCEDURAL BACKGROUND

Mr. Mullins brought this action under section 1983 against numerous Minnesota Department of Corrections (DOC) officials named in their individual and official capacities. (Doc. 1.) Mr. Mullins subsequently filed a document entitled "Permission to Amend the Complaint," in which he requested that the Court allow him to amend his claims, and he attached a proposed amended complaint. (Doc. 9.) The Magistrate Judge granted Mr. Mullins' motion and ordered that Mr. Mullins' amended complaint be filed as a separate docket entry. (Doc. 34.) The Magistrate Judge then screened the amended

complaint pursuant to 28 U.S.C. § 1915A(a), and issued a Report and Recommendation, recommending that many of Mr. Mullins' claims be dismissed for failure to state a plausible claim for relief and lack of subject matter jurisdiction.  (Doc. 37.)

## ARGUMENT

### I.    THE MAGISTRATE JUDGE PROPERLY SCREENED MR. MULLINS' AMENDED COMPLAINT.

First, the Magistrate Judge properly screened Mr. Mullins' amended complaint, and not the original complaint.  An amended pleading "must be complete in itself and must not incorporate by reference any prior pleading."  D.Minn. LR 15.1(a).  Mr. Mullins claims that he intended to "addend" his original complaint, not "amend" it.  But in his request to the Court, Mr. Mullins clearly asked for "permission to amend the complaint," to amend two of his claims and add one new defendant.  (Doc. 9 at 1-2.)  Mr. Mullins also attached a copy of his proposed amended complaint.  (*Id.*); *see also* D.Minn. LR 15.1(b) (requiring a motion to amend to include a copy of the proposed amended pleading).  When the Magistrate Judge granted Mr. Mullins' motion to amend the complaint, Mr. Mullins did not file any opposition or seek any relief.  Thus, Mr. Mullins' amended complaint is now the operative pleading, and the Magistrate Judge properly screened it.[1]

---

[1] Mr. Mullins also appears to ask the Court to allow him to include an entirely new claim against the DOC Commissioner for failure to properly train staff.  (*See* Doc. 47 at 2.)  To the extent Mr. Mullins is seeking to amend his complaint again, he must follow the proper procedures and move to amend the complaint; his objections to the Report and Recommendation are not the proper mechanism to seek such relief.  *See* Fed. R. Civ. P. 15; D.Minn. LR 15.  Moreover, Mr. Mullins' claim would be futile, as it appears to be based solely on the Commissioner's general role in overseeing the DOC, rather than his direct and personal involvement in any alleged violation.  *See Glick v. Sargent*, 696 F.2d 413,

**II.    THE MAGISTRATE JUDGE PROPERLY RECOMMENDED DISMISSAL OF MR. MULLINS' FAILURE-TO-PROTECT CLAIMS.**

The Magistrate Judge cited well-settled law regarding failure-to-protect claims under the Eighth Amendment.  He properly applied the law to the facts as alleged by Mr. Mullins and determined that his claims fail to state a plausible claim against the defendants. Specifically, Mr. Mullins must establish that "defendants knew of [a] substantial risk of serious harm," and were deliberatively indifferent to that risk.  *Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015).  Mr. Mullins failed to allege particular facts to establish that any prison official knew of a substantial risk that another inmate would assault him, or that such a risk would have been obvious to defendants.  In his objections, Mr. Mullins makes several additional factual allegations and references statements from staff incident reports. However, again, none of those facts are sufficient to establish that any defendant knew of a substantial risk, or that they deliberately disregarded that risk.  The Magistrate Judge correctly recommended dismissal of this claim.

**III.    THE MAGISTRATE JUDGE PROPERLY RECOMMENDED DISMISSAL OF MR. MULLINS' CLAIMS FOR FAILURE TO PROVIDE CONSTITUTIONALLY ADEQUATE MEDICAL CARE.**

The Magistrate Judge also appropriately recommended dismissal of Mr. Mullins' claim of deliberate indifference for failure to provide adequate medical care.[2]  Mr. Mullins

---

414-15 (8th Cir. 1983) (holding that a prison official's general responsibility over supervision is insufficient to establish individual liability).

[2] Mr. Mullins claims the Magistrate Judge "falsely and materially inaccurately" referred to his claim as a "failure to provide constitutionally adequate medical care" claim.  (*See* Doc. 47 at 3.)  Mr. Mullins refers to this claim in the amended complaint as a claim for "deliberate indifference to medical needs."  (*See* Doc. 35 at 6.)  But regardless of how the

has "no constitutional right to receive a particular or requested course of treatment." *Dulany v. Carnaham*, 132 F.3d 1234, 1239 (8th Cir. 1997).  The Magistrate Judge correctly noted that, although Mr. Mullins named five defendants in their individual capacities, he only asserted factual allegations against two of them.  And, for those two defendants, he failed to allege any facts to support a claim that either of them was deliberately indifferent to any medical needs.  Mr. Mullins' failure to allege specific facts regarding each defendant's personal involvement in the alleged constitutional violation is fatal to his claims.  *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (providing that a plaintiff must establish "a causal link to, and direct responsibility for" the alleged violation).

The Magistrate Judge also applied well-settled and longstanding law regarding sovereign immunity.  He properly concluded that Mr. Mullins cannot maintain a claim against the State of Minnesota for monetary, retroactive injunctive, or declaratory relief.  Thus, the Magistrate Judge properly recommended dismissal of all of Mr. Mullins' official capacity claims, except those that seek only prospective injunctive relief.

**IV.    THE MAGISTRATE JUDGE PROPERLY RECOMMENDED DISMISSAL OF MR. MULLINS' CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

The Magistrate Judge properly recommended dismissal of Mr. Mullins' intentional infliction of emotional distress (IIED) claim because Mr. Mullins failed to allege sufficient facts to establish any of the elements of the claim.  Under Minnesota state law, a plaintiff

---

claim is characterized, the Magistrate Judge properly cited the law applicable to a claim for deliberate indifference under the Eighth Amendment.

claiming IIED must prove: "(1) the conduct complained of was extreme and outrageous; (2) the conduct was intentional or reckless; (3) the conduct caused emotional distress; (4) and the distress suffered was severe." *Kelly v. City of Minneapolis*, 598 N.W.2d 657, 663 (Minn. 1999).  Mr. Mullins failed to allege specific facts sufficient to meet any of the elements of the claim.  Mr. Mullins claims that the defendants' conduct was "extreme and outrageous, intentionally or recklessly causing Plaintiff…severe emotional distress and mental anguish."  But simply reciting the elements of the claim in a conclusory manner is insufficient to state a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The Magistrate Judge appropriately recommended dismissal of this claim, and Mr. Mullins' objections provide no basis to conclude otherwise.

## CONCLUSION

For the foregoing reasons, the Court should overrule Mr. Mullins' objections and adopt Magistrate Judge Docherty's Report and Recommendation in all respects.

Dated:  April 20, 2026

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota


*s/ Bradley Simon*
BRADLEY D. SIMON
Assistant Attorney General
Atty. Reg. No. 0390363
(651) 757-1354 (Voice)
bradley.simon@ag.state.mn.us

5

KEVIN JONASSEN
Assistant Attorney General
Atty. Reg. No. 0392275
(651) 757-1250 (Voice)
kevin.jonassen@ag.state.mn.us

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 297-4139 (Fax)

ATTORNEYS FOR DEFENDANTS

|#6344207-v1