UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JAMAR PIERRE MULLINS,

Plaintiff,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS; MCF-STILLWATER; PAUL SCHNELL, D.O.C. Commissioner; SAFIA KHAN, Deputy Commissioner; CHYSTAL BRAKKE, Deputy Commissioner; KELLY MITCHELL, Assistant Commissioner; WILLIAM BOLIN, MCF-Stillwater Warden; DAN MOE, Assistant Warden; DOEL SANTIAGO-SANABRIA, C.O.; DONALD JOHNSON, C.O.; GERARDO PERALES, C.O.; ANDREW MEYERS, C.O.; JOEL HARRINGTON, Lt.; MICHAEL BROWN, C.O.; KORY CLAUSEN, k9; ELIZABETH SCHNEIDER, Sgt.; JUSTIN WOOD, C.O.; DANIEL GORMAN, C.O.; JACOB WINBERG, Sgt.; JUSTIN D. MEYER; SHANDA DETSCH, RN; and KEITH WIEKEN, Sgt., in their official and individual capacities,

Defendants.

Case No. 25-CV-3940 (PJS/JFD)

ORDER

---

Jamar Pierre Mullins, pro se.

Bradley Simon and Kevin Jonassen, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants.

This matter is before the Court on plaintiff Jamar Pierre Mullins's objection to the February 12, 2026 Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty. ECF Nos. 47, 37. Judge Docherty recommends dismissing Mullins's complaint save for his negligence claims and his claims for failure to provide constitutionally adequate medical care (insofar as those medical-care claims are brought against defendants in their official capacities and seek prospective relief). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the objection and adopts the R&R.

Much of Mullins's objection reflects a misunderstanding of federal procedural law or a misunderstanding of federal or state substantive law. Only two matters merit comment:

*First*, Mullins asks the Court to allow him to assert a new claim: that the Department of Corrections failed to properly train its staff "relating to prisoner rights to iammediaed [sic] treatment and protection from risk of danger, injury, and assault." Obj. at 2 ¶ 6; *see also* Deft.'s Resp., ECF No. 57, at 2 n.1. But Mullins did not follow this District's local rules in seeking leave to amend his complaint. *See O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules."). Moreover, the Court will not consider matters that were not presented to

Judge Docherty in the first instance. *See, e.g.*, *Ridenour v. Boehring Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1066–67 (8th Cir. 2012) ("[P]laintiff was required to present all of his arguments to the magistrate judge, lest they be waived."). Thus, Mullins's request to add his failure-to-train claim is denied.

*Second*, for reasons that escape the Court, Mullins argues again and again that Judge Docherty erred by characterizing one of his Eighth Amendment claims as a claim for "failure to provide constitutionally adequate medical care," when that exact phrase appears nowhere in his complaint. Obj. at 3–4 ¶¶ 5, 1 (referring to the R&R as "falsely and materially inaccurately" representing his claim); *id.* at 8–9 ¶¶ 1–3. But Judge Docherty has fairly characterized Mullins's claim: Mullins is arguing that defendants did not provide adequate medical care, and that, in failing to provide such care, defendants violated Mullins's constitutional rights. That is a claim for failure to provide constitutionally adequate medical care.

Mullins urges that his claim is really for a violation of his "liberty interest in bodily integrity and adequate care" under the Fourteenth Amendment and for deliberate indifference to his medical needs under the Eighth Amendment. *Id.* at 8 ¶ 1, 11 ¶ (B). But there is no substantive difference between the claims described by Judge Docherty and the claims described by Mullins. Again, Mullins argues—to quote his own complaint—that defendants did not provide "adequate care" and that their failure

to do so violated his rights under the Eighth and Fourteenth Amendments. *E.g.*, ECF No. 35 at 6. As Mullins acknowledges, the deliberate-indifference standard applies to his claim for a violation of his "liberty interest in bodily integrity and adequate care," Obj. at 8, and the Court agrees with Judge Docherty that Mullins has not satisfied the deliberate-indifference standard with respect to any defendant.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection [ECF No. 47] is OVERRULED.

2. The Court ADOPTS the Report and Recommendation [ECF No. 37].

3. The following claims in plaintiff's amended complaint [ECF No. 35] are DISMISSED WITHOUT PREJUDICE:

    a. Plaintiff's Eighth Amendment claims for failure to protect;

    b. Plaintiff's claims for emotional infliction of emotional distress; and

    c. Plaintiff's Eighth Amendment claims for failure to provide adequate medical care against defendants Detsch, Schneider, Woods, Meyers, and Winberg, in their individual capacities.

4. The following claims in plaintiff's amended complaint [ECF No. 35] are DISMISSED WITH PREJUDICE:

   a. Plaintiff's claims against the Department of Corrections; and

   b. Plaintiff's official-capacity claims for monetary relief.

Dated: November 17, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge